IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CLAUDE M. REDD, III, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 07-718C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Order issued by the Court on February 2, 2008, plaintiffs and defendant respectfully submit the following joint status report:

1. Since the issuance of the Court's February 2, 2008 Order, defendant has filed dispositive motions concerning home-to-work driving claims that remain to be adjudicated in Adams v. United States, No. 90-162C. Some of the plaintiffs asserting these claims in Adams are or were, like the plaintiffs in this case, diversion investigators employed by the Drug Enforcement Administration ("DEA"). Defendant has also filed dispositive motions concerning home-to-work driving claims of DEA diversion investigators in the following cases: Grush v. United States, No. 07-232C; Breiner v. United States, No. 07-249C; Carrion v. United States, No. 07-626C; Crusan v. United States, No. 07-434C; Federico v. United States, No. 08-44C; Stocum v. United States, No. 07-03C; and Hamilton v. United States, No. 06-680C. Discovery has also been conducted in some of the diversion investigator cases, including this case. Defendant anticipates filing a dispositive motion concerning the home-to-work driving claims in this case on or before July 11, 2008.

2. Since the issuance of the Court's February 2, 2008 Order, the parties have discussed the manner in which payments should be calculated based upon a previously negotiated settlement which would apply to this case and 12 other cases involving similar claims. These discussions principally concern certain situations that may be relevant to a limited number of plaintiffs in these cases. Pursuant to these discussions, the parties agreed that plaintiffs in these cases would submit to defendant a statement of Fair Labor Standards Act ("FLSA") hours they claim to have worked during the times in question (other than home-to-work driving time), and defendant would compute the amount of back pay that would be appropriate based upon these submissions. The parties would then discuss whether the amount computed by defendant would be adequate to resolve plaintiffs' claims, other than claims for home-to-work driving time, which would not be covered by the settlement. On March 27, 2008, plaintiffs' counsel forwarded to defendant statements of FLSA hours for plaintiffs in this case and 55 other plaintiffs in various other cases. By May 30, 2008, defendant completed and forwarded to plaintiffs' counsel computations for 59 plaintiffs, including the two plaintiffs in this case. Plaintiffs' counsel are reviewing these computations.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 616-8275
Fax: (202) 305-7643

Attorneys for Defendant

Dated: June 16, 2008

JULES BERNSTEIN
Bernstein & Lipsett, P.C.
1920 L Street, N.W.
Suite 303
Washington, D.C. 20036

OF COUNSEL:
LINDA LIPSETT
Tel: (202) 296-1798
Fax: (202) 296-7220

EDGAR N. JAMES
James & Hoffman, P.C.
1101 17th Street, N.W.
Suite 510
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Attorneys for Plaintiffs

Dated: June 16, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 16st day of June, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**