# In the United States Court of Federal Claims

No. 07-718C
(Filed September 12, 2008)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **CLAUDE M. REDD, III, *et al.*,** | * | Pleading and practice; motion |
| | * | for judgment on the pleadings |
| Plaintiffs, | * | pursuant to RCFC 12(c); facts |
| | * | indistinguishable from facts in |
| v. | * | binding precedent. |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

Jules Bernstein, Washington, DC, for plaintiffs. Linda Lipsett, Bernstein & Lipsett, and Edgar James, James & Hoffman, of counsel.

Shalom Brilliant, Washington, DC, with whom was Assistant Attorney General Gregory G. Katsas, for defendant. Michael J. Dierberg and William P. Rayel, Department of Justice, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER,** Judge.

This case is before the court on defendant's motion for judgment on the pleadings. The issue for decision is whether plaintiffs state compensable claims for back pay, liquidated damages, and interest, attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (2000) (the "FLSA"), related to home-to-work commuting. Briefing is completed and argument is deemed unnecessary.

## FACTS

The FLSA was enacted, in part, to compensate government employees for all hours worked for their employer, stipulating a one-and-one-half pay rate per hour for overtime. Adams v. United States, 65 Fed. Cl. 217, 221 (Fed. Cl. 2005) (Adams I), aff'd, 471 F.3d

1321 (Fed. Cir. 2006) (Adams II), reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S. Ct. 866 (2008). "All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is 'hours of work.'" 5 C.F.R. § 551.401(a) (2008). The Portal-to-Portal Act, 29 U.S.C. § 254(a) (2000) ("Portal-to-Portal Act"), amended by the Employee Commuting Flexibility Act of 1996, Pub. L. No. 104-108, § 2102, 110 Stat. 1755, 1928 (1996) ("ECFA"), creates an exception to the FLSA, releasing an employer from liability for:

> failure . . . to pay an employee minimum wages, or to pay an employee overtime compensation, for . . . (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform . . . . For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a).

Claude M. Redd, III, and Noreen S. Valentine ("plaintiffs") are employed by the United States Department of Justice, Drug Enforcement Administration, as diversion investigators. They are responsible for establishment and administration of personnel, employment, and compensation policies and practices for themselves and other similarly situated personnel. Plaintiffs seek an award for back pay, leave, absence and holiday compensation, liquidated damages, and interest from 2004 to entry of judgment.

The parties' Joint Preliminary Status Report recited that they have "a reasonable likelihood" of reaching a settlement for all issues except whether time spent "driving between home and work in a Government vehicle" should be included. Joint Preliminary Status Report filed Jan. 25, 2008, at 4. Plaintiffs contend that, because diversion investigators are required to drive to perform "field work" between home and work using a government vehicle, they are entitled to compensation for that time under the FLSA. Pls.' Br. filed Aug. 7, 2008, at 2. Defendant contends that precedent of the United States Court of Appeals for the Federal Circuit holds that the FLSA does not entitle plaintiffs to compensation. To resolve this impasse in settlement negotiations, defendant filed a motion for judgment on the pleadings, seeking dismissal of "driving time" claims.

## DISCUSSION

1. Motion for judgment on the pleadings

RCFC 12(c) allows a party to seek judgment based on the pleadings. The court only grants a motion for judgment on the pleadings if "the defendant is clearly entitled to judgment on the basis of facts as the plaintiff has presented them." Owen v. United States, 851 F.2d 1404, 1407 (Fed. Cir. 1988). In reviewing the complaint, "'each of the well-pled allegations . . . is assumed to be correct, and the court must indulge all reasonable inferences in favor of the plaintiffs.'" Atamirzayeva v. United States, 524 F.3d 1320, 1321 (Fed. Cir. 2008) (quoting Atlas Corp. v. United States, 895 F.2d 745, 749 (Fed. Cir. 1990)). Accordingly, all facts are construed in favor of plaintiffs.

2. Controlling precedent in the United States Court of Federal Claims

Decisions of the United States Supreme Court and the Federal Circuit are binding on the United States Court of Federal Claims. See Coltec Indus. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("[T]he Court of Federal Claims is required to follow the precedent of the Supreme Court, [the United States Court of Appeals for the Federal Circuit], and . . . the [United States] Court of Claims." (citations omitted)); see also Weyerhauser v. United States, 92 F.3d 1148, 1151 (Fed. Cir. 1996). Similarly, the Court of Federal Claims cannot engage in de novo statutory interpretations once the Federal Circuit has issued a construction of a particular legislative enactment. See Passamaquoddy Tribe v. United States, 82 Fed. Cl. 256, 262 (2008) ("Trial courts are not free to make the law anew simply because they disagree with the precedential and authoritative analysis of a reviewing appellate court."). This court is required to follow the statutory interpretations issued by the Supreme Court and the Federal Circuit without regard to this court's independent assessment of binding precedent. 1/

---

1/ Plaintiffs invoke the concept of stare decisis to challenge existing binding precedent. Plaintiffs argue that "the doctrine of stare decisis applies to only legal issues and not issues of fact." Pls.' Br. filed Aug. 7, 2008, at 26 (citations omitted). Plaintiffs advance the theory that, because the facts in this case are not identical to those addressed in decisions that are binding precedent, the legal tenets advanced from previous holdings do not have a binding effect on this case. See id. at 26-27. This intriguing proposition could be helpful if the court were to determine that the factual differences rendered the binding precedent inapplicable.

3. Binding precedent

Defendant argues that the two decisions in Adams v. United States, 471 F.3d 1321 (Fed. Cir. 2006) (Adams II), reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S. Ct. 866 (2008), aff'g, 65 Fed. Cl. 217 (2005) (Adams I); and Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998), aff'g, 37 Fed. Cl. 690 (1997), are binding precedent that require the grant of defendant's motion. Plaintiffs, however, contend that the two Supreme Court decisions in Long Island Care at Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs., 545 U.S. 967 (2005); and the Federal Circuit decision in Billings v. United States, 322 F.3d 1328 (Fed. Cir. 2003), cert. denied, 540 U.S. 982 (2003), have changed the legal doctrine and precedent that govern this case. Unless the facts in this case are distinguishable from those in Adams and Bobo or, as advanced by plaintiffs, a change in the standards applied to resolve the Portal-to-Portal Act exemption is attributed to the Federal Circuit or Supreme Court, Bobo and Adams control this case. 2/

Adams and Bobo define the legal standards to be utilized by the Court of Federal Claims in determining compensable actions under the Portal-to-Portal Act. Both Adams and Bobo ruled on the Portal-to-Portal exception as applied to federal government employees

---

1/ (Cont'd from page 3.)

Regarding other statutes that plaintiffs invoke in their favor, this line of argument is of no assistance when none has been addressed by any Federal Circuit or Supreme Court ruling concerning the Portal-to-Portal Act. Pls.' Br. filed Aug. 7, 2008, at 19, 23 (discussing 31 U.S.C. § 1344 (2000), and The Employee Commuting Flexibility Act, Pub. L. No. 104-108, § 2102, 110 Stat. 1755, 1928 (1996)). To the extent that plaintiffs rely on case law from other circuits that conflicts with Federal Circuit precedent, or suggest new methods of statutory interpretation, decisions from the Federal Circuit control. Pls' Br. filed Aug. 7, 2008, at 19-27 (Singh v. City of New York, 524 F.3d 361 (2d Cir. 2008) (the only case cited by plaintiffs from another circuit relating to compensation under the FLSA for time spent commuting between home and work); Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193 (3d Cir. 2000); Fuller v. Teachers Ins. Co., 2007 U.S. Dist. LEXIS 69845 (E.D.N.C. Sept. 19, 2007); AARP v. EEOC, 383 F. Supp. 2d 705 (E.D. Pa. 2005); AARP v. EEOC, 390 F. Supp. 2d 437 (E.D. Pa. 2005); Mackey v. Nationwide Ins. Companies, 724 F.2d 419 (4th Cir. 1984)).

2/ The court considers only whether the time spent driving between home and work is compensable.

seeking compensation for driving to and from work. These cases, as well as the case at bar, required the court to decide what level of "legally cognizable work while driving to [the] workplace in order to compel compensation for the time spent driving." Adams II, 471 F.3d at 1325. The burden of proving the compensability of the act, or acts, in question lies with plaintiffs. Id. at 1326.

In Adams the Federal Circuit reaffirmed the teaching in Bobo as the legal standard for deciding whether work performed while driving between home and work is enough to overcome the Portal-to-Portal exception. Adams II, 471 F.3d at 1328. The court held that "Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is *de minimis*." 3/ Id.

The plaintiffs in both Adams and Bobo failed to satisfy the *de minimis* threshold required to overcome the Portal-to-Portal exception. Plaintiffs in Bobo were current and former Immigration and Naturalization Service (as of March 1, 2003, the Department of Homeland Security's Bureau of Immigration and Customs Enforcement and Bureau of Citizenship and Immigration Service) ("ICE" or "CIS/INS") border patrol agent canine handlers. See Bobo, 37 Fed. Cl. 690. The CIS/INS required the canine officers to commute in special government vehicles designed and equipped for the dogs to travel with them. The canine officers were required to transport their canines to and from home and to and from the border patrol offices and assignments. The officers claimed to have a number of responsibilities during their commute: they had to wear official border patrol uniforms; monitor their radios, signing on when they left home in the morning and signing off and reporting mileage when they return home; respond to any incidents broadcast on the radio during their commutes; and care for their dogs (including stops for the dogs to relieve themselves). Id. at 690-91.

The Federal Circuit confirmed that "the burdens alleged [were] insufficient to pass the *de minimis* threshold." Bobo, 136 F.3d at 1468. The court explained that "the main

---

3/ The *de minimis* standard, as employed by the Federal Circuit, was adopted from the Second Circuit's review of canine unit police officers' right to compensation in a similar Portal-to-Portal challenge. See Adams I, 65 Fed. Cl. at 226. Insofar as plaintiffs attempt to inveigle this court to observe, apply, and follow other case law, other statutory interpretations, and other standards issued by other circuits or federal district courts prior to the date on which the Federal Circuit definitively stated the law, such as the *de minimis* standard, unless facts in a given case are not substantially similar to those in Bobo or Adams, Federal Circuit precedent controls.

restriction on the INS Agents is the prohibition on making personal stops during their commute." Id. While that alone did not "make this time compensable[,]" the other burdens listed by the canine officers, including signing on the radio and making stops for their dogs, "do not pass the *de minimis* threshold either." Id.

Plaintiffs in Adams were drawn from three groups of government agents who sought overtime compensation for time spent driving from home to and from work. Adams I, 65 Fed. Cl. at 219. The three groups were employees from United States Secret Service, the United States Customs Service, and the third was made up of employees from the Bureau of Alcohol, Tobacco, and Firearms, the Drug Enforcement Administration, Internal Revenue Service - Criminal Investigation Division and United States Secret Service. Id. All three groups, attempting to distinguish their respective situations from Bobo, claimed to have unique and distinctive work circumstances, having nothing to do with transporting dogs. The primary distinction urged was that plaintiffs were assigned official vehicles for the purpose of responding to emergencies from home, allegedly a different burden than monitoring the radio or taking care of a dog. Id. at 235. Not surprisingly, Adams I was described by the Federal Circuit as "not identical but very similar to [Bobo]." Adams II, 471 F.3d at 1327. The same analysis, and result, in Bobo followed.

Much like the relationship between Adams and Bobo, plaintiffs' case is not identical, but is similar to, Bobo and therefore to Adams, as well. Due to a paucity of evidence in the record, this court must rely on plaintiffs' opposition brief to ascertain the potentially significant differences between plaintiffs' commute and those involved in Bobo and Adams. Plaintiffs' sole contention is that the diversion investigators' driving claims, driving between home and work performing "field work," distinguish this case from Adams. See Pls.' Br. filed Aug. 7, 2008, at 23. Because this particular type of driving arrangement has not been litigated "at all," plaintiffs discount Adams II as inapplicable. Pls.' Br. filed Aug. 7, 2008, at 23. Plaintiffs in Adams made a similar argument in an unsuccessful attempt to persuade the court that significant differences were present in their case, distinguishing them from Bobo, because of the absence of dogs and the existence of different duties leading to the requirement to take an official vehicle home. Here, too, plaintiffs fail to identify significant differences between the activities performed by plaintiffs in the instant case and those involved in Bobo and Adams. Nor is the job classification in this case materially different from that involved in Adams and Bobo. As binding precedent from the Federal Circuit, Adams and Bobo must operate as binding precedent in this case.

Any change in the applicable law would have to come from the Federal Circuit or the Supreme Court. Plaintiffs argue that two Supreme Court decisions, Coke and Brand X, decided subsequent to Adams, nullified the Federal Circuit's decision. Pls.' Br. filed Aug. 7, 2008, at 4.

Coke dealt specifically with the validity and enforceability of a regulation issued by the Department of Labor related to a domestic service exemption to the FLSA (not involving commuting time). Coke, 127 S. Ct. at 2344. The Court ruled that the interpretation of the term "domestic service employment" was dispositive of whether domestic-service workers employed by third parties were grouped under the domestic-services exception to the FLSA. Id. Plaintiffs do not explain how the Coke decision has any bearing on the scope of driving under the Portal-to-Portal Act exemption. See also Easter v. United States, No. 04-1435C, 2008 WL 4165478, at *9-10 (Fed. Cl. Aug. 1, 2008).

Plaintiffs also contend, as the plaintiffs in Easter unsuccessfully argued, that Brand X supports the argument that Adams II is no longer good law. Pls.' Br. filed Aug. 7, 2008, at 5. Brand X holds that administrative agencies are able to reinterpret a statute, even after judicial construction, unless the judicial construction held that the statute was unambiguous. 545 U.S. at 983. More on point, applying Adams II does not implicate Brand X, because no relevant Office of Personnel Management regulations have issued since Adams II. See Easter, No. 04-1435C, 2008 WL 4165478, at *12-13. Plaintiffs' complaint does not question a subsequent administrative interpretation of the FLSA and Portal-to-Portal Act after the Federal Circuit decided Bobo and Adams.

Plaintiffs also draw instruction from Billings, 322 F.3d 1328, cited as binding precedent that "requires" this court to declare plaintiffs' driving to be FLSA compensable. Pls.' Br. filed Aug. 7, 2008, at 19. Billings dealt with a conflict in how the Department of Labor ("DOL") and the Office of Personnel Management ("OPM") define the word "executive" in another exemption from the FLSA. See Billings, 322 F.3d at 1333. The Federal Circuit held that, when a statute is silent on the definition of a key term, competing and even inconsistent definitions of that "gap" are acceptable, provided that they are reasonable. Id. at 1333-34. The variance was "no more than needed" to permit OPM to interpret the meaning of "executive" in the FLSA, as applied to federal employees, and DOL to interpret "executive," in the context of non-federal employees, properly to effectuate the FLSA and accommodate the differences between federal and non-federal employment. Id. at 1334.

Unlike Billings, plaintiffs' claim to compensation has nothing to do with the definition of the word "executive" and the executive exemption to the FLSA. Moreover, this case does not involve competing definitions of a word – or gap – in the FLSA. In fact, judicial consensus has emerged as to what driving is, where home is, and what work is. The disagreement centers on what level of work is and is not compensable – activities that exceed the *de minimis* threshold necessary to trigger compensable work under the FLSA. Billings does not speak to that issue and therefore has no bearing on Bobo or Adams.

The issues and arguments presented in plaintiffs' motion are almost identical to those discussed in Judge Hewitt's recent opinion in Easter. Judge Hewitt viewed Bobo and Adams II as controlling precedent, holding that precedent from other circuits is non-binding on the Court of Federal Claims; finding that neither Coke nor Band X is relevant Supreme Court precedent; concluding that Billings does not change the mandatory reliance on Adams II; and granting defendant judgment on the pleadings as a matter of law. See Easter, No. 04-1435C, 2008 WL 4165478, at *14.

## CONCLUSION

Accordingly, based on the foregoing, because plaintiffs have failed to distinguish the facts in this case from the facts of Bobo and Adams II, defendant's motion for judgment on the pleadings is granted. The Clerk of the Court shall enter judgment for defendant.

**IT IS SO ORDERED.**

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge